UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION           MDL No. 1720


**TRANSFER ORDER**


**Before the Panel:**[*] Plaintiff moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action listed on the attached Schedule A (*Mirage*) to the Eastern District of New York for inclusion in MDL No. 1720. Plaintiffs in two previously-transferred MDL actions (*Target* and *7-Eleven*) filed an interested party brief supporting the motion to vacate. Defendants Apple Inc., Visa Inc., and Mastercard Incorporated oppose the motion and support transfer.

After considering the argument of counsel, we find that the *Mirage* action shares questions of fact with the actions transferred to MDL No. 1720, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Eastern District of New York was an appropriate forum for actions arising out of allegations "that the imposition of a no-surcharge rule and/or the establishment of the interchange fee causes the merchant discount fee to be set at supracompetitive levels in violation of the federal antitrust laws." *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005). The *Mirage* action, like all the MDL actions, includes allegations that Visa and MasterCard have engaged in anticompetitive conduct concerning the setting and maintenance of artificially inflated interchange and merchant fees at supracompetitive levels in connection with the acceptance of Visa and Mastercard payment cards. The action thus falls squarely within the subject matter of the MDL. Transfer will facilitate the efficient conduct of overlapping pretrial proceedings and avoid the risk of inconsistent rulings.

In opposition to transfer, plaintiffs principally argue that (1) the factual overlap between *Mirage* and the MDL is insubstantial, emphasizing their focus on Apple Pay and Apple's absence as a defendant in the MDL; (2) the putative class in *Mirage* is different from the certified classes in the MDL; and (3) pretrial proceedings in the MDL are largely complete, whereas *Mirage* is in its infancy. These arguments are unpersuasive. First, the focus of *Mirage* is a subset of the conduct at issue in the MDL: an alleged agreement between Visa, Mastercard, and Apple to restrain Apple

---

[*] Judge Nathaniel M. Gorton and Judge David C. Norton did not participate in the decision of this matter.

-2-

from developing or facilitating a competing payment card network on the iPhone, in exchange for Visa and Mastercard paying Apple a portion of the merchant fees that they charge for transactions completed through the Apple Pay mobile wallet. This same conduct is at issue in the MDL.[1] Thus, *Mirage* is subsumed by the actions in the MDL. Additionally, it is undisputed that the MDL discovery covered the Apple Pay agreement at issue in *Mirage*, including a Rule 30(b)(6) deposition of Apple. Apple's absence as a defendant in the MDL is not significant given the common factual core. Moreover, the Panel often has held that transfer does not require a complete identity of parties. *See, e.g., In re Bank of New York Mellon Corp. Foreign Exchange Transactions Litig.*, 857 F. Supp. 2d 1371, 1372-73 (J.P.M.L. 2012).

Second, the putative class in *Mirage* overlaps substantially with at least the equitable relief class in the MDL. The mandatory equitable relief class certified in the MDL is defined as all merchants "that accept Visa and/or Mastercard credit and/or debit cards in the United States at any time during the period between December 18, 2020 and the date of entry of Final Judgment in this case."[2] The putative class in *Mirage* includes merchants who accepted Apple Pay, including digitally-stored Visa and Mastercard cards, at the point-of-sale from late 2019 to the present. Thus, the *Mirage* putative class (i.e., those who accept Apple Pay payments from digitally-stored Visa or Mastercard cards) overlaps substantially with members of the Rule 23(b)(2) equitable relief class in the MDL. Additionally, the equitable relief class remains in active litigation in the MDL – most notably, with respect to a pending motion for preliminary approval of a nationwide class settlement. Transfer will prevent inconsistent rulings with respect to the proposed settlement and its impact on *Mirage*.

Third, the advanced status of the MDL does not weigh against transfer. Plaintiffs are correct that the proceedings are at an advanced stage, with common discovery complete and many important motions resolved. On balance, though, we find that transfer of *Mirage* still is warranted. The transferee judge continues to actively manage pretrial proceedings in unresolved actions. She also presides over the previously-approved damages class settlement and the proposed equitable relief class settlement. Thus, she remains in the best position to streamline pretrial proceedings in newly-filed actions with the discovery and motions practice that have been completed. If the transferee judge finds at any point in the pretrial proceedings that the inclusion of *Mirage* will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation, Section 1407 remand of the action to its transferor court can be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

---

[1] For example, the operative complaints filed by plaintiffs representing the damages class and the equitable relief class allege that Visa and Mastercard's alleged agreements with Apple block competition from potential new competitors on Apple Pay. The alleged agreements also are discussed in a summary judgment opinion issued in the MDL earlier this year. *See, e.g., In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, __ F. Supp. __, 2024 WL 278565, at *34 & n.40 (E.D.N.Y. Jan. 25, 2024) (denying defendants' motion for summary judgment based on, *inter alia*, evidence concerning Visa and Mastercard's alleged "bilateral agreements with Apple to prevent it from developing a competing payment network").

[2] *See DDMB, Inc. v. Visa, Inc.,* 2021 WL 6221326, at *50 (E.D.N.Y. Sept. 27, 2021).

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Margo K. Brodie for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Matthew F. Kennelly | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION**  MDL No. 1720

**SCHEDULE A**

<u>Southern District of Illinois</u>

MIRAGE WINE + SPIRITS, INC. v. APPLE INC., ET AL., C.A. No. 3:23−03942